**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1410
_____

UNITED STATES OF AMERICA

v.

ANTHONY MICHAEL COBB,
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-17-cr-00080-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 9, 2019
_____

Before: RESTREPO, ROTH, and FISHER, *Circuit Judges*.

(Filed:  February 20, 2020)
_____

OPINION[*]
_____

---

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Anthony Michael Cobb was convicted of six counts of drug and firearm possession in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1), and 18 U.S.C. § 924(e). On appeal, Cobb argues that there was insufficient evidence that he possessed the controlled substances and firearms. We disagree and will affirm the judgment sentencing Cobb to 300 months' imprisonment.

## I.

Waynesboro police investigated Cobb for his suspected involvement in an April 2016 shooting. The investigation led police to execute a search warrant on his apartment, where they found distributable amounts of cocaine base, cocaine hydrochloride, heroin, oxycodone, drug paraphernalia, and a 12-gauge shotgun. Police also recovered a 20-gauge shotgun and .22 caliber rifle from a storage unit Cobb rented. A grand jury indicted Cobb for possession of firearms by a felon and possession of controlled substances with the intent to distribute.

At trial, the Government presented evidence that Cobb possessed the firearms found in his apartment and storage unit. The evidence included Cobb's admissions that: (1) he cosigned the apartment searched by police, (2) he stayed at the apartment several nights a week, (3) he knew about the 12-gauge shotgun found in one of the apartment's closets, (4) he rented the storage unit searched by police, and (5) he knew firearms were stored in the storage unit. Ryan Troskoski also testified that Cobb instructed him to retrieve firearms from the storage unit on the day of the shooting.

The Government also produced evidence that Cobb intended to distribute the controlled substances found in his apartment. Cobb's cotenant testified that Cobb routinely gave crack cocaine to people in the apartment. She described seeing someone purchase crack from Cobb in exchange for a Pennsylvania Access card. Police found the Pennsylvania Access card in Cobb's wallet.

Following the jury's guilty verdict on all counts, Cobb was sentenced to 300 months' imprisonment on each count, to be served concurrently. Cobb now contends that the jury did not have sufficient evidence to find beyond a reasonable doubt that he possessed the drugs and firearms recovered by police.

## II.

The Middle District of Pennsylvania had jurisdiction over Cobb's criminal trial pursuant to 18 U.S.C. § 3231, and we have jurisdiction over appeals arising from the Middle District. 28 U.S.C. § 1291.

We are "highly differential" to district courts when reviewing sufficiency appeals. *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430–31 (3d Cir. 2013) (cautioning that courts should not "usurp the role of the jury" unless the verdict falls "below the threshold of bare rationality") (citations omitted). "We must view the evidence in the light most favorable to the Government and sustain the verdict if any rational juror could have found the elements of the crime beyond a reasonable doubt." *United States v. Cothran*, 286 F.3d 173, 175 (3d Cir. 2002).[1]

---

[1] The Government urges us to review the issue Cobb raises for plain error because he did not preserve it at trial. *See* Fed. R. Crim. P. 52(b). Cobb concedes that plain error

3

## III.

There was sufficient evidence presented at trial for a rational juror to find that Cobb possessed the drugs and firearms tied to the charges against him.

It is well established that possession can be actual or constructive. *See United States v. Caldwell*, 760 F.3d 267, 278 (3d Cir. 2014) (explaining that the Government "can prove possession of a firearm for purposes of § 922(g)(1)" by actual or constructive possession); *United States v. Martorano*, 709 F.2d 863, 866 (3d Cir. 1983) ("[W]hen a defendant is charged with possession of a controlled substance . . . in violation of 21 U.S.C. § 841(a)(1), possession can be either actual or constructive."). "[C]onstructive possession requires an individual to have the power and intent to exercise both dominion and control over the object he or she is charged with possessing." *United States v. Garth*, 188 F.3d 99, 112 (3d Cir. 1999).

A rational juror could find the testimony that Cobb sold drugs from his apartment, which is where drugs were found, established that Cobb had dominion and control over the drugs recovered by police. Similarly, a rational juror could determine that Cobb had dominion and control over the firearms based on his admission that he knew guns were in

review applies to his claims. Under plain error review, Cobb must show that the District Court "committed (1) error (2) that is plain (3) that affect[s] substantial rights." *United States v. Adams*, 252 F.3d 276, 285 (3d Cir. 2001) (alteration in original) (quotations omitted). We have the discretion to notice a forfeited error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (quotations omitted). Because Cobb has not established that an error occurred, he cannot satisfy his burden under the plain error doctrine.

his apartment and the storage unit along with Troskoski's testimony that Cobb instructed him to retrieve firearms from the storage unit.

Cobb correctly points out that "mere proximity" to the drugs and firearms in question is not sufficient to establish constructive possession. *See United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993). However, the Government adduced much more evidence against Cobb than his proximity to the drugs and firearms. Reviewing the evidence in a light most favorable to the Government, a rational juror could find that constructive possession of controlled substances and firearms existed.

## IV.

Accordingly, for the reasons stated above, we will affirm the judgment against Cobb.